**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and as Representative of the ESTATE OF SAMUEL DELGADO, and LANDY MORENO, as Next Friend of D.M., a Minor,** | § § § § § | |
| | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § § | _____ |
| **v.** | § § | |
| **HF SINCLAIR and SPECIALTY WELDING AND TURNAROUNDS, LLC,** | § § § | |
| *Defendants.* | § § | |

**INDEX OF STATE COURT DOCUMENTS**

Pursuant to Local Rule 81.1 of the United States District Court for the Northern District of Texas, the following is an index of all documents that clearly identifies each document and indicates the date the document was filed in the Dallas County District Clerk in this case:

| Exhibit | Date | Document |
|---|---|---|
| 1 | 04/03/2023 | Plaintiff's Original Petition |
| 2 | 04/03/2023 | Request for Citation – Specialty Welding and Turnarounds, LLC |
| 3 | 04/03/2023 | Request for Citation – HF Sinclair |
| 4 | 04/20/2023 | Affidavit of Service – HF Sinclair (served 04/11/2023) |
| 5 | 04/24/2023 | Affidavit of Service – Specialty Welding and Turnarounds, LLC (served 04/11/2023) |
| 6 | 05/02/2023 | Notice of Dismissal Hearing |
| 7 | 05/08/2023 | Defendant HF Sinclair Corporation's Original Answer |

| | | |
|---|---|---|
| 8 | 05/09/2023 | Uniform Scheduling Order (Level 3) |
| 9 | 05/09/2023 | Court's Notice of Non Jury Trial for 06/10/2024 |
| 10 | 06/06/2023 | Defendant Specialty Welding and Turnarounds' Original Answer, Motion to Bifurcate, Jury Demand, and Objection to Digital Jury Trial |
| 11 | 07/25/2023 | Defendant HF Sinclair Corporation's Designation of Lead Counsel |
| 12 | 08/11/2023 | Unopposed Motion to Withdraw as Counsel of Record by Carla De Leon Stafford |
| 13 | 08/16/2023 | Order Granting Unopposed Motion to Withdraw as Counsel of Record by Carla De Leon Stafford |
| 14 | 08/30/2023 | Defendant HF Sinclair Corporation's Designation of Lead Counsel (Neely Fortinberry and Katryna R. Watkins) |
| 15 | 09/01/2023 | Defendant HF Sinclair Corporation's First Amended Answer and Verified Denial |
| 16 | To be filed upon removal | Notice to State Court of Removal to Federal Court |



**CT Corporation**
**Service of Process Notification**
04/11/2023
CT Log Number 543609977

## Service of Process Transmittal Summary

**TO:**   Kiersten Kita
HF Sinclair Corporation
2828 N Harwood St Ste 1300
Dallas, TX 75201-2174

**RE:**   **Process Served in Texas**

**FOR:**   HF Sinclair Corporation   (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DOLORES RAMIREZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SAMUEL DELGADO, AND LANDY MORENO, AS NEXT FRIEND OF D.M., A MINOR // To: HF Sinclair Corporation |
| **CASE #:** | DC2304370 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/11/2023 at 15:54 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2023, Expected Purge Date: 04/16/2023 |
| | Image SOP |
| | Email Notification,  Vaishali Bhatia  vaishali.bhatia@hollyfrontier.com |
| | Email Notification,  Sally Saleh  sally.saleh@hollyfrontier.com |
| | Email Notification,  Becky Keck  becky.keck@hollyfrontier.com |
| | Email Notification,  Kiersten Kita  Kiersten.Kita@hollyfrontier.com |
| | Email Notification,  Tim Jones  tim.jones@hollyfrontier.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                               Tue, Apr 11, 2023
**Server Name:**                        Anthony Collins

| Entity Served | HF SINCLAIR CORPORATION |
|---|---|
| Case Number | DC2304370 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:** **HF SINCLAIR**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATIO SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **DOLORES RAMIREZ, INDIVIDUALLY**
**AND AS REPRESENTATIVE OF THE ESTATE OF SAMUEL DELGADO;**
**AND LANDY MORENO, AS NEXT FRIEND OF D.M., A MINOR**

Filed in said Court  **3rd day of April, 2023** against

**HF SINCLAIR; SPECIALTY WELDING AND TURNAROUNDS, LLC**

For Suit, said suit being numbered **DC-23-04370**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 7th day of April, 2023**



ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Monica alvidrez_                    , Deputy
      **MONICA ALVIDREZ**

---

**ESERVE**

# CITATION

No.: **DC-23-04370**

**DOLORES RAMIREZ, et al**
**vs.**
**HF SINCLAIR, et al**

**ISSUED**
**on this the 7th day of April, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MONICA ALVIDREZ**, Deputy

**Attorney for Plaintiff**
**JOHN SCOTT BLACK**
DALY & BLACK PC
2211 NORFOLK STREET
SUITE 800
HOUSTON TX  77098
ecfs@dalyblack.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Anthony Collins
PSC-357
2023/04/11 15:54:17

**OFFICER'S RETURN**

Cause No. DC-23-04370

Court No.: 134th District Court

Style: DOLORES RAMIREZ, et al
vs.
HF SINCLAIR, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____M.

Executed at _____, within the County of _____

o'clock _____M. on the _____ day of _____, 20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____,

20 _____, to certify which witness my hand and seal of office.

Notary Public _____ County _____

EXHIBIT 1

FILED
4/3/2023 2:44 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brandon Keys DEPUTY

2 CITS ESERVE

DC-23-04370

CAUSE NO. _____

| | | |
|---|---|---|
| **DOLORES RAMIREZ, INDIVIDUALLY** | § | **IN THE DISTRICT COURT** |
| **AND AS REPRESENTATIVE OF THE** | § | |
| **ESTATE OF SAMUEL DELGADO, AND** | § | |
| **LANDY MORENO, AS NEXT FRIEND OF** | § | |
| **D.M., A MINOR** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **HF SINCLAIR AND SPECIALTY** | § | 134th |
| **WELDING AND TURNAROUNDS, LLC** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION**

COME NOW, Dolores Ramirez, individually and as representative of the Estate of Samuel

Delgado, and Landy Moreno, as next friend of D.M., a minor ("Plaintiffs"), who file this Original

Petition against Defendants HF Sinclair and Specialty Welding and Turnarounds, LLC (hereinafter

collectively referred to as "Defendants"), and would respectfully show this Honorable Court the

following:

**I.**
**DISCOVERY CONTROL PLAN**

1.      Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs

intend to conduct discovery in this lawsuit under Level 3.

**II.**
**PARTIES**

2.      Plaintiff Dolores Ramirez is an individual residing in Texas.  Plaintiff brings claims

individually, as the mother of Decedent Samuel Delgado, as well as the representative of

Delgado's Estate.  At the time of Delgado's death, Delgado maintained his residence in Texas.

3.      Plaintiff Landy Moreno is an individual residing in Texas.  Plaintiff is the mother of D.M., who is a minor child of Delgado.  Plaintiff brings claims as next friend of D.M.

4.      Defendant HF Sinclair is a corporation doing business in Texas.  Defendant maintains its headquarters in Texas.  Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

5.      Defendant Specialty Welding and Turnarounds, LLC is a limited liability company doing business in Texas.  Defendant may be served through its registered agent: Capitol Corporate Services, Inc., 1501 S. Mopac Expy., Suite 220, Austin, TX 78746.

6.      Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using the assumed or common name of "HF Sinclair," or "SWAT" regarding the events described in this Petition.  Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted later upon the motion of any party or one of the Court.

### III.
### JURISDICTION AND VENUE

7.      The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court as Plaintiffs seek aggregate monetary relief over $1,000,000.00.  *See* TEX. R. CIV. P. 47.  Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, this lawsuit lacks diversity and/or because of the forum defendant rule.

8.      Pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3), this county is a proper venue because at least one Defendant has a principal office in this county. Because Plaintiff has established proper venue against one Defendant, the Court also has venue over all the Defendants in all claims or actions arising out of the same transaction, occurrence, or

EXHIBIT 1

series of transactions or occurrences, thus venue is proper in this county as to all Defendants in this case. Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ §15.005.

**IV.**
**FACTS**

9.    On or about February 18, 2023, Delgado was working as a catalyst technician at Defendant HF Sinclair's refinery in El Dorado, Kansas, when he tragically lost his life. Defendant HF Sinclair owns and operates the refinery. Delgado was employed by Defendant Specialty Welding and Turnarounds (also referred to herein as "SWAT").

10.    Defendant HF Sinclair contracted with Defendant SWAT for work at the refinery, including making entry into and conducting work in reactors and vessels at the refinery. On the date of the incident, Delgado was working in a confined space. Delgado and another individual employed by SWAT made entry into a reactor. In doing so, Delgado and another individual had to wear helmets and harnesses and connect themselves to air lines and climb down approximately 65 to 70 feet.

11.    While Delgado was in the vessel, he lost air, leading to fatal injuries.

12.    Defendant HF Sinclair is responsible for the safe scheduling and planning of jobs at the refinery. Defendant also issues work permits and must give the "green light" before any work can occur in a vessel. Along with Defendant SWAT, Defendant HF Sinclair failed to ensure that sufficient planning, hazard identification, supervision, and training occurred prior to the permitting and execution of the job. Furthermore, Defendants failed to ensure that the equipment was properly inspected, and that the air and conditions were properly monitored in the vessel.

13.    Defendants HF Sinclair and SWAT failed to ensure a Job Safety Analysis or Job Hazard Analysis identified and addressed all hazards. Defendants also failed to ensure workers received proper and sufficient training.

14.     The refinery is no stranger to serious incidents.  In 2017, a worker was killed in a fire in the reformer unit of the refinery.

15.     Defendants' actions and inaction led to this incident and were a proximate cause of Delgado's death and Plaintiffs' immense loss.

**V.**
**CAUSES OF ACTION**

A.    NEGLIGENCE (HF SINCLAIR)

16.     Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

17.     HF Sinclair committed acts of omission and commission, which collectively and severally constituted negligence.  HF Sinclair had a duty to exercise ordinary care, meaning that degree of care that would be used by a company of ordinary prudence under the same or similar circumstances, and HF Sinclair breached that duty.  Specifically, HF Sinclair breached its duty in one or more of the following ways:

a)    Failing to properly supervise;

b)    Failing to provide a safe workplace;

c)    Failing to warn of a dangerous condition or conditions at the plant;

d)    Failing to provide adequate training;

e)    Failing to implement proper policies and procedures;

f)    Failing to properly inspect, maintain, repair and/or service equipment;

g)    Failing to provide proper safety equipment;

h)    Failing to take corrective steps to eliminate or reduce dangers; and

i)    Violating OSHA regulations and standards.

18.     Such negligence, singularly or in the aggregate, proximately caused Decedent's death and Plaintiffs' damages.

4

B.    GROSS NEGLIGENCE (HF SINCLAIR AND SWAT)

19.    Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

20.    Plaintiffs alleges that all acts, conduct, and/or omissions on the part of Defendants taken singularly or in combination, constitute gross negligence and were the proximate cause of Delgado's death and Plaintiffs' damages.  Defendants' acts and/or omissions, when viewed objectively from Defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of others, including Delgado.  Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

VI.
SURVIVAL ACTION

21.    As a result of the wrongful conduct of Defendants as described above, Decedent Samuel Delgado suffered physical pain and suffering and mental anguish prior to his death.  Additionally, his Estate incurred expenses and losses, for which Defendants are liable.  The Representative of Delgado's Estate asserts the above-pled causes of action against Defendants on behalf of Delgado's Estate pursuant to Texas Civil Practice and Remedies Code § 71.021.

22.    As a result of the wrongful conduct of Defendants, this survival action is brought for the following damages sustained by Delgado, which survive his untimely death:

a)    Past physical pain and mental anguish;

b)    Funeral expenses; and

c)    Medical expenses.

VII.
WRONGFUL DEATH

5

EXHIBIT

23.     Because the wrongful conduct of Defendants caused the death of Decedent Delgado, Plaintiffs have a cause of action against Defendants to recover damages for the wrongful death of Delgado pursuant to Texas Civil Practice and Remedies Code §§ 71.002 and 71.003. These damages include:

a)    Past and future pecuniary losses;

b)    Past and future loss of companionship and society;

c)    Past and future mental anguish; and

d)    Loss of inheritance.

**VIII.**
**DAMAGES**

24.     As a result of Defendants' actions and/or inactions, Plaintiffs bring this lawsuit for the following damages:

a)    Past physical pain and suffering of Decedent;

b)    Past mental anguish of Decedent;

c)    Decedent's medical and funeral expenses;

d)    Past and future medical expenses;

e)    Past and future pecuniary and nonpecuniary wrongful death damages including the loss of companionship and society, mental anguish, and loss of inheritance;

f)    Court costs;

g)    Exemplary damages;

h)    Pre- and post-judgment interest; and

i)    All other damages, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

6

EXHIBIT

## IX.
## PRESERVATION OF EVIDENCE

25.     Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to the equipment at the job site on the date of the incident; the plans and schedules for the facility; all Job Safety Analysis and Job Hazard Analysis forms and sign-in sheets; surveillance footage; photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; text messages; calendar entries; incident reports; communications with insurance companies; communications with governmental entities; and any electronic image, data or information related to the referenced incident.

26.     Failure to maintain such items will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## X.
## TRCP 193.7

27.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

## PRAYER

28.     Plaintiffs pray that they recover damages from Defendants in accordance with the evidence; that Plaintiffs recover costs of the court herein expended; that Plaintiffs recover both pre-judgment and post-judgment to which Plaintiffs are entitled; that Plaintiffs recover actual damages; that Plaintiffs are entitled to recover compensatory damages; that Plaintiffs recover

7

punitive damages; and for such other further relief, both general and specific, both in law and in

equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: _/s/ John Scott Black_
John Scott Black
State Bar No. 24012292
Richard D. Daly
State Bar No. 00796429
Andrew Dao
State Bar No. 24082895
2211 Norfolk St., Ste. 800
Houston, TX 77098
jblack@dalyblack.com
rdaly@dalyblack.com
adao@dalyblack.com
ecfs@dalyblack.com (e-service)

**ATTORNEYS FOR PLAINTIFFS**

FILED
4/3/2023 2:44 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brandon Keys DEPUTY



**DALY & BLACK, P.C.**

April 3, 2023

Ms. Felicia Pitre
Dallas County District Clerk
600 Commerce Street, Suite 103
Dallas, TX 75202
**Attn: Civil Intake**
                    DC-23-04370

RE:    Cause No. _____; *Dolores Ramirez, individually and as representative of the Estate of Samuel Delgado, and Landy Moreno, as next friend of D.M., a minor v. HF Sinclair and Specialty Welding and Turnarounds, LLC;* In the _____ Judicial District Court of Dallas County, Texas                                134th

Dear Ms. Pitre:

Please prepare issuance of citation for service on the defendant as follows:

> Specialty Welding and Turnarounds, LLC
> through its registered agent,
> Capitol Corporate Services, Inc.,
> 1501 S. Mopac Expy., Suite 220,
> Austin, TX 78746
> E-serve the citation to ecfs@dalyblack.com

The issuance fee for the citation is being paid contemporaneously with the filing of the original petition.

Thank you.

Sincerely,

*/s/ Darwin Blanco*

Darwin Blanco
Litigation Director

Copy from re:SearchTX

FILED
4/3/2023 2:44 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brandon Keys DEPUTY



**DALY & BLACK, P.C.**

April 3, 2023

Ms. Felicia Pitre
Dallas County District Clerk
600 Commerce Street, Suite 103
Dallas, TX 75202
**Attn: Civil Intake**
                DC-23-04370

RE:    Cause No. _____; *Dolores Ramirez, individually and as representative of the Estate of Samuel Delgado, and Landy Moreno, as next friend of D.M., a minor v. HF Sinclair and Specialty Welding and Turnarounds, LLC;* In the ___134th___ Judicial District Court of Dallas County, Texas

Dear Ms. Pitre:

Please prepare issuance of citation for service on the defendant as follows:

            HF Sinclair
            through its registered agent,
            CT Corporation System,
            1999 Bryan St., Suite 900,
            Dallas, TX 75201
            E-serve the citation to ecfs@dalyblack.com

The issuance fee for the citation is being paid contemporaneously with the filing of the original petition.

Thank you.

                                            Sincerely,

                                            */s/ Darwin Blanco*

                                            Darwin Blanco
                                            Litigation Director

Copy from re:SearchTX

FILED
4/20/2023 10:27 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **134th District Court**

Case Number: DC-23-04370

Plaintiff:
**Dolores Ramirez, individually and as representative of the Estate of Samuel**
**Delgado, and Landy Moreno, as next friend of D.M., a minor**

vs.

Defendant:
**HF Sinclair and Specialty Welding and Turnarounds, LLC**

For:
Daly & Black PC
2211 Norfolk St
Suite 800
Houston, TX 77098

Received by Anthony Collins on the 11th day of April, 2023 at 2:06 pm to be served on **Registered Agent for HF Sinclair CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **11th day of April, 2023** at **2:55 pm**, I:

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** to: **George Martinez ,** an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for HF Sinclair , at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

_____
**Anthony Collins**
PSC-357 Expires 12/31/2023

Subscribed and Sworn to before me on the 12th day
of April, 2023 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

**ProActive Legal Solutions**
**440 Benmar Drive**
**Suite 3000**
**Houston, TX 77060**
**(832) 209-7760**

Our Job Serial Number: ONT-2023003449
Ref: 13329-1

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8 2n



FILED
4/24/2023 2:45 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

**IN THE 134TH JUDICIAL DISTRICT**
**DALLAS COUNTY, TEXAS**

**CAUSE NO: DC-23-04370**

**DOLORES RAMIREZ, ET AL**
**VS**
**HF SINCLAIR, ET AL**

# RETURN

Came to my hand:   4/11/2023   , at   09:55   o'clock   A..M.   , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**

and executed by me on:   4/11/23   , at   4:05   o'clock   PM   , at

1501 S. MOPAC EXPRESSWAY, SUITE 220, AUSTIN, TX 78746, within the county of TRAVIS, by delivering to SPECIALTY WELDING AND TURNAROUNDS, LLC, by delivering to its registered agent, CAPITOL CORPORATE SERVICES, INC., by delivering to   Paul Morales   , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: Kelly Land PSC 5912
Expiration Date: 10 / 31 / 2024

STATE OF TEXAS    }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the 12th day of   April   2023.

Dana L. McMichael
ID #4733578
My Commission Expires
April 23, 2024

**Notary Public**



FILED
5/2/2023 5:21 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY



**JUDGE DALE TILLERY PRESIDING**
**134TH JUDICIAL DISTRICT COURT**
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 -- 134ᵗʰ Ct. Clerk
214/653-6995 -- Ct. Coordinator
fly@dallascourts.org

May 02, 2023

JOHN SCOTT BLACK
DALY & BLACK PC
2211 NORFOLK STREET
SUITE 800
HOUSTON TX  77098

> Re:    DOLORES RAMIREZ, et al  vs.  HF SINCLAIR, et al
>          DC-23-04370

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

> **June 16, 2023** at **10:00 AM**  via MSTeams:
> Click here to join the meeting
> Or call in (audio only)
> +1 469-208-1731,,965246477#   United States, Dallas
> Phone Conference ID: 965 246 477#

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, either by appearance at the dismissal docket hearing or by a filed motion to retain the case on the docket, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

pc:  JOHN SCOTT BLACK

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

EXHIBIT 6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 75247618
Filing Code Description: Notice Of Dismissal For Want Of Prosecution
Filing Description: NOTICE OF DISMISSAL FOR WANT OF PROSECUTION
Status as of 5/3/2023 8:57 AM CST

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Dao | | adao@dalyblack.com | 5/2/2023 5:21:14 PM | SENT |
| Kayvon Alihossini | | kalihossini@dalyblack.com | 5/2/2023 5:21:14 PM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 5/2/2023 5:21:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francine Ly | | fly@dallascourts.org | 5/2/2023 5:21:14 PM | SENT |

EXHIBIT 7

FILED
5/8/2023 10:10 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| DOLORES RAMIREZ, Individually and as Representative of the ESTATE OF SAMUEL DELGADO, and LANDY MORENO, as Next Friend of D.M., a Minor, | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| HF SINCLAIR and SPECIALTY WELDING AND TURNAROUNDS, LLC, | § § § | |
| *Defendants.* | § | 134th JUDICIAL DISTRICT |

DEFENDANT HF SINCLAIR CORPORATION'S ORIGINAL ANSWER

COMES NOW Defendant HF Sinclair Corporation ("Defendant" or "HF Sinclair") and files its Original Answer and, in support thereof, would show the following:

I.
GENERAL DENIAL

1.01    Pursuant to TEX. R. CIV. P. 92, Defendant HF Sinclair denies all and singular, each and every material allegation contained in Plaintiffs' Original Petition and any subsequent petition filed by Plaintiffs and demands strict proof of the same by a preponderance of the evidence.

II.
ADDITIONAL DEFENSES

2.01    Defendant HF Sinclair incorporates by reference as if fully restated herein all paragraphs of this Answer, including Paragraph 1.01 above.

2.02    Pleading alternatively, Defendant HF Sinclair invokes the liability limitations of TEX. CIV. PRAC. & REM. CODE §§ 41.007, 41.008, 41.010, and 41.011, *et seq.*

2.03    Pursuant to TEX. R. CIV. P. 94, Defendant HF Sinclair asserts the affirmative defense of contributory negligence and/or comparative fault.

2.04    Pleading further and in the alternative, Defendant HF Sinclair would show that the allegations made the basis of Plaintiffs' claims and alleged damages were caused by acts and/or omissions of persons or third parties over whom Defendant HF Sinclair has no control and for whom this Defendant is not responsible. Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any. Defendant HF Sinclair invokes all rights and remedies set forth in TEX. CIV. PRAC. & REM. CODE ANN. §§ 32 and 33, et. seq., including a finding of percentage responsibility of any and all persons shown by the evidence to have caused or contributed to the incident alleged by Plaintiffs, including the Plaintiffs, other parties, and any responsible third parties designated herein.

2.05    Further answering, Defendant HF Sinclair would show that the incident in question was the result of an intervening or superseding cause over which Defendant HF Sinclair had no control and for which Defendant HF Sinclair is not legally responsible. Such intervening or superseding cause was the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any.

2.06    Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33, Defendant HF Sinclair requests a submission of comparative negligence and comparative negligence causation as provided in TEX. CIV. PRAC. & REM. CODE ANN. § 33. Specifically, Defendant HF Sinclair intends to submit the negligence of Decedent Samuel Delgado, the co-defendant(s), all settling parties, and any and all Responsible Third Parties. Defendant HF Sinclair alleges that in accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 33.013, Defendant HF Sinclair may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of and as to Defendant HF Sinclair, when compared with that of each defendant, settling party, and each responsible third party, is greater than fifty percent (50%).

**DEFENDANT HF SINCLAIR CORPORATION'S ORIGINAL ANSWER** – Page 2

2.07    Defendant HF Sinclair asserts its rights under common law and TEX. CIV. PRAC. & REM. CODE ANN. §§ 32-33 to receive an offset, credit, and/or reduction in judgment based on any settlement Plaintiffs have made or may make with any other person or entity or for any amounts of money collected from any other person or entity by settlement, compromise, or agreement, or in payment or in partial payment, of any judgment entered in this case.  In accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 33, specifically TEX. CIV. PRAC. & REM. CODE ANN. §33.012, Defendant HF Sinclair seeks a settlement credit as to all sums paid by any and all settling parties. Accordingly, if Plaintiffs are awarded any amount as damages in this cause, the award must be reduced by the dollar amount of any and all settlements or by a dollar credit determined by applying the statutory formula credit set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 33.012.

2.08    Further answering, and in the alternative, Defendant asserts that the injuries and illness sustained by Decedent Samuel Delgado were the result or aggravation of a pre-existing physical condition, in whole or in part, for which Defendant HF Sinclair is not responsible.

2.09    For further answer, Defendant HF Sinclair asserts that Plaintiffs' recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Decedent Samuel Delgado pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

2.10    By way of affirmative defense and in the alternative, Defendant HF Sinclair asserts that Plaintiffs' claims for pre-judgment interest are subject to the dates and amounts set forth by statute including, but not limited to, Tex. Fin. Code Ann. § 304.

2.11    Further answering, if same be necessary, Defendant HF Sinclair asserts the evidentiary requirements set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 with regard to Plaintiffs' loss of earnings and loss of earning capacity, if any.

2.12   Defendant HF Sinclair alleges that Plaintiffs have failed to allege conduct warranting imposition of exemplary or punitive damages under applicable Texas law.

2.13   Defendant HF Sinclair asserts that any award of exemplary or punitive damages to Plaintiffs are subject to the limitations and caps imposed by TEX. CIV. PRAC. & REM. CODE ANN. § 41.

2.14   For further answer, Defendant HF Sinclair asserts that an award of punitive damages or exemplary damages in this case would be inconsistent with and would violate Defendant HF Sinclair's rights under the United States and Texas Constitutions as follows:

A.     An award of exemplary or punitive damages would violate Defendant HF Sinclair's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, Section 19 of the Texas Constitution, in that:

1.     No provision of Texas law provides any adequate or meaningful standard or guide for fixing, determining, or reviewing the amount of an award of punitive or exemplary damages. Defendant HF Sinclair neither has notice of nor means of ascertaining the amount of the penalty it would be or might be subject to for the conduct upon which the award is ostensibly to be based;

2.     Under the laws of the State of Texas, the determination of whether to award punitive or exemplary damages is left to the arbitrary discretion of the trier of fact. There is no adequate or meaningful standard or guide for exercising said discretion;

3.     No provision of Texas law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of exemplary damages may be based. Defendant HF Sinclair has neither notice of nor means of

ascertaining the nature of the conduct for which it might be held subject to an award for punitive damages or exemplary damages;

4.      No provision of Texas law provides adequate procedural safeguards for the imposition of an award of punitive and exemplary damages; and

5.      The very concept of punitive and exemplary damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall incident to punishing a defendant, represents the taking of property without due process of law.

B.      An award for punitive or exemplary damages would violate the prohibition against excessive fines contained in the Eight Amendment to the United States Constitution as embodied within the due process of law clause of the Fourteenth Amendment to said Constitution and to Article 1, Section 19 of the Texas Constitution.

2.15    Any right to recovery by Plaintiffs in this action and any liability on the part of Defendant HF Sinclair, which is hereby expressly and vehemently denied, is limited in accordance with the provisions of the applicable wrongful death statutes and common law.

## III.
## JURY DEMAND

3.01    Pursuant to TEX. R. CIV. P. 216, Defendant HF Sinclair hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant HF Sinclair Corporation prays that Plaintiffs take nothing by this suit and that Defendant HF Sinclair Corporation have judgment for its costs and for such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,


By:    */s/ Daniel Buechler*
        Daniel Buechler
        State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas, 700 N. Pearl Street,
Twenty-Fifth Floor
Dallas, TX 75201-2832
Tel:  214-871-8262
Fax:  214-871-8209
E-Mail: DBuechler@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
HF SINCLAIR CORPORATION**


## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 8th day of May, 2023:

John Scott Black
Richard D. Daly
Andrew Dao
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
***Attorneys for Plaintiffs***


                    */s/ Daniel Buechler*
                    Daniel Buechler

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Schmitz on behalf of Daniel Buechler
Bar No. 24047756
cschmitz@thompsoncoe.com
Envelope ID: 75396047
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 5/8/2023 2:36 PM CST

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Dao | | adao@dalyblack.com | 5/8/2023 10:10:37 AM | SENT |
| Kayvon Alihossini | | kalihossini@dalyblack.com | 5/8/2023 10:10:37 AM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 5/8/2023 10:10:37 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Crafton | | ccrafton@thompsoncoe.com | 5/8/2023 10:10:37 AM | SENT |

## Proof of Submission

Submission ID: 75396047
Submission Date and Time: 05/08/23 10:10 AM CDST



### Case Information

Case Title: DOLORES RAMIREZ, et al vs. HF SINCLAIR, et al
Jurisdiction: Dallas County - 134th District Court
Case Category: Civil - Injury or Damage
Case Type: Assault/Battery

Client ID: 13453.003
Cause No: DC-23-04370
Attorney: Daniel P Buechler
Filer: Cathy Schmitz
Payment Account: FileTime

### Fees Breakdown

**Court Fees**

**Answer/Response**

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |

**Submission Fees**

| | |
|---|---|
| eFiling Manager Convenience Fee | $1.00 |
| FileTime Service Fee | $3.99 |
| Sales Tax on FileTime Fee | $0.33 |
| Total Submission Fees | $5.32 |
| Total Fees for this Submission | $5.32 |

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff | DOLORES RAMIREZ | No |
| Defendant | HF SINCLAIR | Yes |
| Plaintiff | LANDY MORENO, AS NEXT FRIEND OF D.M., A MINOR | No |
| Defendant | SPECIALTY WELDING AND TURNAROUNDS, LLC | No |

### Credit Card Information Breakdown

**Your credit card statement will show:**
**Pleading**

| | |
|---|---|
| Jurisdiction (**TXEFILE**) | $0.00 |
| eFiling Manager (**Tyler (TX)file Conv Fee**) | $5.32 |

### Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| Answer/Response | **Document** | **Type** | **Security** |
| | HF Sinclair Delgado answer.pdf | Lead Document | Does not contain sensitive data |

Filing Comments:

### Notes

The above fees are *estimates only* and are subject to change after clerk review. You **should not use this page for billing purposes.** Your firm eFiling Administrator should run a billing report under **Admin > Reports**.

### Service Contacts

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Christi Crafton | Thompson Coe Cousins & Irons LLP | HF SINCLAIR | ccrafton@thompsoncoe.com |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Andrew Dao | | DOLORES RAMIREZ | adao@dalyblack.com |
| Kayvon Alihossini | Daly & Black PC | DOLORES RAMIREZ | kalihossini@dalyblack.com |
| JOHN BLACK | Dallas County - District Clerk | DOLORES RAMIREZ | ecfs@dalyblack.com |

© 2023 FileTime. All rights reserved.

**From:** support=filetime.com@mail.filetime.com
**Sent:** Monday, May 8, 2023 11:03:52 AM
**To:** Schmitz, Cathy
**Subject:** Service Status Update
**Sensitivity:** Normal

---

  

**Proof of Service**

Submission ID: 75396047

Old Submission ID:

Submission Date and Time: 05/08/23 10:10 AM CDST

Jurisdiction: Dallas County - 134th District Court

Cause Number: DC-23-04370

Case Title: DOLORES RAMIREZ, et al vs. HF SINCLAIR, et al

Matter Number: 13453.003

Client ID: HF SINCLAIR

**eServed Document(S) Details**

| Filing | Document |
|---|---|
| Answer/Response | HF Sinclair Delgado answer.pdf |

**Service Status**

| Status | Recipient | Receiving Firm |
|---|---|---|
| Served | Andrew Dao | N/A |
| Served | Kayvon Alihossini | Daly & Black PC |
| Served | JOHN BLACK | Dallas County - District Clerk |

## *Contact Us*

800-658-1233

Support@FileTime.com

### FileTime

PO Box 34165 | San Antonio TX 78265 | 800-658-1233

CAUSE NO.  <u>DC-23-04370</u>

| | |
|---|---|
| **DOLORES RAMIREZ, et al** | **IN THE DISTRICT COURT** |
| **vs.** | **134TH JUDICIAL DISTRICT** |
| **HF SINCLAIR, et al** | **DALLAS COUNTY, TEXAS** |

## <u>UNIFORM SCHEDULING ORDER (LEVEL 3)</u>

      In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

      1.     This case will be ready and is set for NON JURY TRIAL on JUNE 10, 2024 at **9:00 AM** ("this Trial Setting").  Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.  **If not reached as set, the case will be carried to the next week.**

      2.     Pretrial matters will be completed by the following dates:

| | | |
|---|---|---|
| a. | amended pleadings asserting new causes of action or defenses............................................ | 130 days before this Trial Setting |
| b. | fact discovery closes ...................................... | 115 days before this Trial Setting |
| c. | party seeking affirmative relief to designate experts (if no reports provided) | 115 days before this Trial Setting |
| d. | party seeking affirmative relief to designate experts (if reports provided) | 105 days before this Trial Setting |
| e. | party opposing affirmative relief to designate experts & provide reports .............. | 90 days before this Trial Setting |
| f. | designation of rebuttal experts & provide reports ............................................................. | 75 days before this Trial Setting |
| g. | all expert discovery closes ............................. | 45 days before this Trial Setting |
| h. | other amended pleadings................................. | 45 days before this Trial Setting |

      3.     The parties may, by written agreement, alter the pretrial deadlines, set forth above.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived.  Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

      4.     Each side may have 75 hours of depositions and each party may have 50 interrogatories.

      5.     No additional parties may be joined more than eight (8) months after the

commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      If mediation or other alternative dispute resolution, is agreed to by the parties, then it will be conducted in accordance with the Texas Rules of Civil Procedure; the Texas Government Code and the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.

Mediation must be conducted thirty (30) days prior to the first trial setting in this case.

The parties decision to mediate this case will not be a basis for a continuance of any trial setting.

7.      Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony. On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. The duty to file the materials stated in Rule 166(e)-(l) exists even in the absence of the parties' ability to meet in person in order to confer on stipulations regarding the materials to be submitted to the Court. The failure to file the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine may result in dismissal for want of prosecution or other appropriate sanction.

8.      All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

9.      The provisions of Chapter 18 of the Texas Civil Practice & Remedies Code shall control, and not be interpreted in conflict with, this UNIFORM SCHEDULING ORDER.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

SIGNED on   5/9/2023  .

DALE TILLERY, Presiding Judge

pc:      JOHN SCOTT BLACK; DANIEL P BUECHLER
**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

FILED
5/9/2023 5:31 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marcella Sarinana DEPUTY



ATTENTION: CASE WILL BE CARRIED FOR TWO (2) WEEKS.

**JUDGE DALE TILLERY PRESIDING**
**134TH JUDICIAL DISTRICT COURT**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-7546 -- 134ᵗʰ Ct. Clerk**
**214/653-6995 -- Ct. Coordinator**
**fly@dallascourts.org**

May 09, 2023

DANIEL P BUECHLER
THOMPSON COE COUSINS & IRONS LLP
700 N PEARL ST 25TH FLOOR
DALLAS TX 75201-2832

     Re:   DOLORES RAMIREZ, et al  vs.  HF SINCLAIR, et al
           DC-23-04370

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

     **NON JURY TRIAL:**     06/10/2024 @ 9:00 AM

Trial announcements **MUST BE MADE BY ALL PARTIES, to the Court COORDINATOR, on the Thursday preceding the trial date set forth above, and in no event later than 10:30 a.m. on the Friday preceding the trial date set forth above. Trial ANNOUNCEMENTS MAY BE MADE in person, by telephone, or by email.**

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY

Presiding Judge

DBT/fll
pc:    JOHN SCOTT BLACK; DANIEL P BUECHLER

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

EXHIBIT 9



*ATTENTION: CASE WILL BE CARRIED FOR TWO (2) WEEKS.*

**JUDGE DALE TILLERY PRESIDING**
**134TH JUDICIAL DISTRICT COURT**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-7546 -- 134th Ct. Clerk**
**214/653-6995 -- Ct. Coordinator**
**fly@dallascourts.org**

May 09, 2023

JOHN SCOTT BLACK
DALY & BLACK PC
2211 NORFOLK STREET
SUITE 800
HOUSTON TX  77098

   Re: DOLORES RAMIREZ, et al  vs.  HF SINCLAIR, et al
     DC-23-04370

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

   **NON JURY TRIAL:**  06/10/2024 @ 9:00 AM

Trial announcements **MUST BE MADE BY ALL PARTIES, to the Court COORDINATOR, on the Thursday preceding the trial date set forth above, and in no event later than 10:30 a.m. on the Friday preceding the trial date set forth above. Trial ANNOUNCEMENTS MAY BE MADE in person, by telephone, or by email.**

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY

Presiding Judge

DBT/fll
pc: JOHN SCOTT BLACK; DANIEL P BUECHLER

EXHIBIT 9

## CAUSE NO.  <u>DC-23-04370</u>

| | |
|---|---|
| **DOLORES RAMIREZ, et al** | **IN THE DISTRICT COURT** |
| **vs.** | **134TH JUDICIAL DISTRICT** |
| **HF SINCLAIR, et al** | **DALLAS COUNTY, TEXAS** |

### <u>UNIFORM SCHEDULING ORDER (LEVEL 3)</u>

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.      This case will be ready and is set for **NON JURY TRIAL** on **JUNE 10, 2024** at **9:00 AM** ("this Trial Setting").  Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.  **If not reached as set, the case will be carried to the next week.**

2.      Pretrial matters will be completed by the following dates:

| | | |
|---|---|---|
| a. | amended pleadings asserting new causes of action or defenses............................................ | 130 days before this Trial Setting |
| b. | fact discovery closes ...................................... | 115 days before this Trial Setting |
| c. | party seeking affirmative relief to designate experts (if no reports provided) | 115 days before this Trial Setting |
| d. | party seeking affirmative relief to designate experts (if reports provided) | 105 days before this Trial Setting |
| e. | party opposing affirmative relief to designate experts & provide reports .............. | 90 days before this Trial Setting |
| f. | designation of rebuttal experts & provide reports ................................................................. | 75 days before this Trial Setting |
| g. | all expert discovery closes ............................ | 45 days before this Trial Setting |
| h. | other amended pleadings................................ | 45 days before this Trial Setting |

3.      The parties may, by written agreement, alter the pretrial deadlines, set forth above.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.      Each side may have 75 hours of depositions and each party may have 50 interrogatories.

5.      No additional parties may be joined more than eight (8) months after the

commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      If mediation or other alternative dispute resolution, is agreed to by the parties, then it will be conducted in accordance with the Texas Rules of Civil Procedure; the Texas Government Code and the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.

Mediation must be conducted thirty (30) days prior to the first trial setting in this case.

The parties decision to mediate this case will not be a basis for a continuance of any trial setting.

7.      Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony. On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. The duty to file the materials stated in Rule 166(e)-(l) exists even in the absence of the parties' ability to meet in person in order to confer on stipulations regarding the materials to be submitted to the Court. The failure to file the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine may result in dismissal for want of prosecution or other appropriate sanction.

8.      All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

9.      The provisions of Chapter 18 of the Texas Civil Practice & Remedies Code shall control, and not be interpreted in conflict with, this UNIFORM SCHEDULING ORDER.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**SIGNED** on  5/9/2023 .

_____
DALE TILLERY, Presiding Judge

pc:     JOHN SCOTT BLACK; DANIEL P BUECHLER
**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

EXHIBIT 9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 75476536
Filing Code Description: Trial Setting (non Jury)
Filing Description: NOTICE OF TRIAL W LEVEL 3 USO
Status as of 5/11/2023 7:47 AM CST

Associated Case Party: HF SINCLAIR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Crafton | | ccrafton@thompsoncoe.com | 5/9/2023 5:31:04 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francine Ly | | fly@dallascourts.org | 5/9/2023 5:31:04 PM | SENT |

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Dao | | adao@dalyblack.com | 5/9/2023 5:31:04 PM | SENT |
| Kayvon Alihossini | | kalihossini@dalyblack.com | 5/9/2023 5:31:04 PM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 5/9/2023 5:31:04 PM | SENT |

FILED
6/6/2023 9:41 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

**CAUSE NO. DC-23-04370**

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and as,** | § | **IN THE DISTRICT COURT** |
| **Representative of the ESTATE OF SAMUEL** | § | |
| **DELGADO, and LANDY MORENO, as Next** | § | |
| **Friend of D.M. a Minor** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **134TH JUDICIAL DISTRICT** |
| | § | |
| **HF SINCLAIR AND SPECIALITY** | § | |
| **WELDING AND TURNAROUNDS, LLC,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT SPECIALITY WELDING AND TURNAROUNDS, LLC'S ORIGINAL ANSWER, MOTION TO BIFURCATE, JURY DEMAND, AND OBJECTION TO DIGITAL JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Specialty Welding and Turnarounds, LLC (herein after "Defendant" "SWAT"), Defendant in the above-referenced and numbered cause, and files its Original Answer, Motion to Bifurcate, Jury Demand and Objection to Digital Jury Trial. In support thereof, SWAT respectfully shows the Court the following:

### I. GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, SWAT denies each and every, all and singular, the allegations and causes of action alleged in Plaintiffs' Original Petition and demands strict proof thereof.

### II. SPECIAL EXCEPTIONS

2.      **Failure to State a Claim**. SWAT specially excepts to Plaintiffs' Original Petition, specifically as to sections 19 through 20, in particular, pursuant to Rule 91 of the Texas Rules of

---

Civil Procedure in that Plaintiffs fail to allege any facts demonstrating negligence let alone gross negligence on the part of SWAT such that Plaintiffs can hold SWAT liable for damages, if any, alleged in Plaintiffs' Original Petition.

3.    **Damages**. SWAT objects and specially excepts to Plaintiffs' Original Petition in its entirety. Specifically, Plaintiffs' Original Petition fails to comply with Texas Rule of Civil Procedure 47(d) because it fails to specify the maximum amount of damages sought from SWAT. SWAT is hereby deprived of fair notice, and, under the provisions of Rule 47 of the Texas Rules of Civil Procedure, SWAT requests that Plaintiffs amend so as to specify the maximum amount being claimed. *See* TEX. R. CIV. P. 47 ("[U]pon special exception the court shall require the pleader to amend so as to specify the maximum amount being claimed").

**3**.1    Furthermore, Plaintiffs' common-law claims against Defendant, if any, are barred because Chapter 95 of the Texas Civil Practice and Remedies Code provides an exclusive remedy.

4.    **Plaintiffs' Improper Claim for Gross Negligence, Punitive Damages.** SWAT specially excepts to Plaintiffs' Petition, "Gross Negligence", which fails to provide fair notice of what conduct of Defendant allegedly constitutes gross negligence or necessitates a punitive damages award. The facts alleged fail to amount to gross negligence as defined by Texas Civil Practice and Remedies Code §§ 41.003(a) and 41.001(11). To support a claim seeking punitive damages, Plaintiffs must state with particularity the elements, facts, and evidence allegedly warranting imposition of punitive damages. *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981). Ordinary or simple negligence will not support assessment of exemplary damages. *Terry v. Garcia,* 800 S.W.2d 854, 857 (Tex. App.—San Antonio 1990, writ denied); *N. Am. Van Line, Inc., v. Emmons,* 50 S.W.3d 103, 128 (Tex. App.—Beaumont, 2001, no pet.). SWAT requests the Court sustain this special exception and require Plaintiffs to replead and

remove this defective cause of action for gross negligence and punitive damages. *BMW of N. Am., Inc. v. Gore,* 538 U.S. 559, 416 (1996).

### III.  AFFIRMATIVE DEFENSES

5.      Subject to the above and foregoing special exceptions, and without waiving same, SWAT pleads the following affirmative defenses, to the extent applicable and, where necessary, in the alternative.  SWAT reserves the right to assert additional affirmative defenses that discovery indicates are proper:

6.      **Apportionment of Fault** – SWAT states Plaintiffs' damages, if any, were caused by the negligence and/or acts or omissions of parties or third-parties other than SWAT, whether or not parties to this action, and over whom SWAT had no control or right of control. Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiffs' damages, if any, as against SWAT, must be reduced by the proportion of fault attributable to such other parties and persons.

7.      **Failure to State a Claim** – SWAT states some or all of Plaintiffs' causes of action in Plaintiffs' Original Petition fail to state a legally sufficient claim and, therefore, SWAT cannot be liable for said damages, if any. TEX. CIV. PRAC. & REM. CODE  § 16.003.

8.      **Reduction for Tax Payments** – SWAT states Plaintiffs' damages, if any, are subject to reduction pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

9.      **Limitation on Healthcare Expenses** – SWAT states Plaintiffs' damages, if any, are subject to limitation pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code. *Heygood vs. De Escabedo,* 356 S.W.3d 390 (Tex. 2001).

10.     **Exclusive Remedy –** Further answering, to the extent necessary, SWAT would show that the claims and causes of action by Plaintiffs against SWAT are prohibited by the exclusive remedy provision of the Texas Workers Compensation Act, Texas Labor Code

---

§408.001(a) and Texas common law. The court is without jurisdiction to hear the claims and causes of action by Plaintiffs against SWAT.

11.     **Limitation of Damages** – SWAT would show that by virtue of section 41.008 of the Texas Civil Practice and Remedies Code, any award of exemplary damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

12.     **Prejudgment Interest** – SWAT states any assessment and award of pre-judgment interests violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental process. Accordingly, SWAT hereby invokes his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and respectfully requests that this Court disallow any award of pre-judgment interest for the following reasons:

    a.      Any award by a jury is to be an amount of money asserted at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in value of money from the time of the occurrence in question until the time of trial; and

    b.      In awarding pre-judgment interest, a Plaintiff, in effect, receives double any pre-judgment increase in the value of a Plaintiffs' case because a jury has already taken into account the time value of money and pre-judgment interest added to the jury's verdict constitutes an award amounting to double recovery.

13.     **Post-judgment Interest** – SWAT states if post-judgment interest is recoverable in this case, the calculation of post-judgment interest is governed by and limited in accordance with Texas Financial Code § 304.003.

---

**DEFENDANT SPECIALITY WELDING AND TURNAROUNDS, LLC'S ORIGINAL ANSWER**
**CAUSE NO. DC-23-04370**                                                                                      **PAGE 4**

14.     **Demand for Caps, Credits, and Other Offsets.**

15.     SWAT would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

16.     Pleading further, SWAT would show that the imposition of punitive damages sought by Plaintiffs violates SWAT's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

a.  Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b.  SWAT had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject SWAT to punitive damages or as to the potential amount of such an award.

c.  Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d.  Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e.  No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

    f.   Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof and do not provide objective standards for such review.

    g.   Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraint upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

    h.   In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

17.    Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times SWAT could be held accountable for punitive damages based on the same alleged conduct as that is alleged in this case. Further, SWAT would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably led to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, § 3) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant(s)' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

18.    SWAT would also show that, insofar as the punitive damage award sought by Plaintiffs seeks to impose punitive damages under Texas law for conduct in other states, the award violates:

    a.   SWAT's rights to due process and due course of law under the Fourteenth

Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

b.  the dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

c.  the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

d.  the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres;

e.  the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution; and

f.  the Texas Constitution insofar as Plaintiffs lack standing to recover punitive damages under the Texas Constitution.

19.    Moreover, SWAT would show that, pursuant to Texas Civil Practice and Remedies Code § 41.008, any award of punitive damages is subject to the cap specified in that Section, and any award in excess of that cap must be reduced accordingly.

20.    **Reservation of Right to Amend**. SWAT hereby gives notice that it intends to rely upon such other defenses, denials, or cross and/or counter actions as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

## IV. MOTION TO BIFURCATE

21.    SWAT hereby moves for a bifurcated trial as to determination of exemplary damages should Plaintiffs meet their burden at trial and a jury render a finding of gross negligence.

## V. REQUEST FOR COURT REPORTER

22.    SWAT respectfully requests that a court reporter attend all sessions of court about this case, and that said court reporter take full notes of all testimony offered, together with any objections, rulings and remarks of the Court and exceptions thereto, and such other proceedings as may be needed or requested by said Defendant. *See Christie v. Price*, 558 S.W.2d 922 (Tex. Civ.

App.—Texarkana 1977, no writ).

## VI. JURY DEMAND AND OBJECTION TO DIGITAL TRIAL

23.    Pursuant to TEX. R. CIV. P.  216, SWAT hereby requests a trial by jury as to the causes of action contained in Plaintiffs' Original Petition and files the appropriate fee with this Original Answer.

24.    SWAT objects to a Zoom/WebEx/digital jury trial, in whole or in part, as the constitutionality of said trials is in question, and there is no guarantee a jury of its peers will be provided to SWAT.

25.    SWAT further objects as, with a digital jury trial, there is no ability to assure jurors are not provided information and opinions from other sources. Such would bring inadmissible facts and opinions into the trial by unknown persons who cannot be cross examined.

## VII. OBJECTION TO PLAINTIFFS'
## "NOTICE TO USE DEFENDANTS' DOCUMENTS"

26.    Paragraph 27 of Plaintiffs' Original Petition purports to be a Rule 193.7 notice. This is a blanket notice which claims to cover broad categories of documents produced or to be produced in the matter. SWAT does not consider the notice to be effective as Rule 193.7 contemplates notice being given on a specifically identified document or documents. *See* TEX. R. CIV. P.  193.7. Without specific identification of the documents for which Plaintiffs intend to invoke Rule 193.7, SWAT cannot make specific objections to those documents, as it cannot be sure which documents Plaintiffs are placing at issue. SWAT reserves the right to challenge the authenticity of any document where such objection is permissible under the circumstances, the Texas Rules of Civil Procedure, and/or the Texas Rules of Evidence. SWAT further reserves the

right to lodge additional objections to any evidence so long as same is permissible under Texas law and/or rules.

## VIII. PRAYER

**WHEREFORE**, Defendant Specialty Welding and Turnarounds, LLC prays that the Court grant its special exceptions in their entirety, grant its Motion to Bifurcate, Plaintiffs take nothing by way of their Original Petition, the Court award costs in favor of Defendant Specialty Welding and Turnarounds, LLC, and the Court grant such other and further relief, both general and special, at law or in equity, as Specialty Welding and Turnarounds, LLC is entitled.

Respectfully Submitted,

 /s/ *Michael A. Miller*
**MICHAEL A. MILLER**
State Bar No. 14100650
mmiller@mklawpc.com

**MILLER KNAUFF LAW FIRM**
Three Forest Plaza
12221 Merit Drive, Suite 1210
Dallas, Texas 75251
(469) 916-2552
(469) 916-2555 fax

**ATTORNEYS FOR DEFENDANT**
**SPECIALITY WELDING AND**
**TURNAROUNDS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the aforementioned document was served on all known counsel of record as indicated below on this the 6th day of June 2023.

| | |
|---|---|
| ***Via E-Filing*** | ***Via E-Filing*** |
| John Scott Black | Daniel Buechler |
| Richard D. Daly | Daspit Law Firm, PLLC |
| Andrew Dao | Thompson, Coe, Cousins & Irons, LLP |
| Daly & Black, P.C. | Plaza of the Americas |
| 2211 Norfolk St, Ste. 800 | 700 N. Pearl Street, 25th floor |
| Houston, TX 77098 | Dallas, Texas 75201-2832 |
| E-Service ecfs@dalyblack.com | dbuechler@thompsoncoe.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant HF Sinclir* |

/s/ *Michael A. Miller*
**MICHAEL A. MILLER**

EXHIBIT 10

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Miller on behalf of Michael Miller
Bar No. 14100650
mmiller@mklawpc.com
Envelope ID: 76319114
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 6/6/2023 11:00 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francine Ly | | fly@dallascourts.org | 6/6/2023 9:41:01 AM | SENT |
| Clark Butler | | cbutler@mklawpc.com | 6/6/2023 9:41:01 AM | SENT |
| Michael Miller | | mmiller@mklawpc.com | 6/6/2023 9:41:01 AM | SENT |
| Robyn Cruze | | rcruze@mklawpc.com | 6/6/2023 9:41:01 AM | SENT |
| Roxana Esquivel | | resquivel@mklawpc.com | 6/6/2023 9:41:01 AM | SENT |

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Dao | | adao@dalyblack.com | 6/6/2023 9:41:01 AM | SENT |
| Kayvon Alihossini | | kalihossini@dalyblack.com | 6/6/2023 9:41:01 AM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 6/6/2023 9:41:01 AM | SENT |

Associated Case Party: HF SINCLAIR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Crafton | | ccrafton@thompsoncoe.com | 6/6/2023 9:41:01 AM | SENT |

FILED
7/25/2023 3:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

EXHIBIT 10

### CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and** | § | **IN THE DISTRICT COURT** |
| **as Representative of the ESTATE OF** | § | |
| **SAMUEL DELGADO, and LANDY** | § | |
| **MORENO, as Next Friend of D.M., a** | § | |
| **Minor,** | § | |
| | § | |
| *Plaintiffs,* | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **v.** | § | |
| | § | |
| **HF SINCLAIR and SPECIALTY** | § | |
| **WELDING AND TURNAROUNDS,** | § | |
| **LLC,** | § | |
| | § | **134th JUDICIAL DISTRICT** |
| *Defendants.* | | |

### DEFENDANT HF SINCLAIR CORPORATION'S DESIGNATION OF LEAD COUNSEL

HF Sinclair Corporation ("Defendant Sinclair") hereby designates the following as attorney in charge:

> Susan Schwartz
> Texas State Bar Number 00797900
> Carla De Leon Stafford
> Texas State Bar Number 24072569
> Meina Heydari
> Texas State Bar Number 24125623
> Wilson Elser Moskowitz Edelman & Dicker LLP
> Bank of America Plaza - 901 Main Street, Suite 4800
> Dallas, TX 75202-3758
> 214.698.8052 (Direct)
> 214-929-2205 (Cell)
> 214.698.8000 (Main)
> 214.698.1101 (Fax)
> carla.deleonstafford@wilsonelser.com

Daniel P. Buechler will remain as counsel in this lawsuit and shall continue to receive all communications from the Court and from other parties.

Defendant properly notified all parties to this suit by service in accordance with TEX. R. CIV. P. 21a.

---

Respectfully submitted,


By:   */s/ Daniel P. Buechler*
        Daniel P. Buechler
        State Bar No. 24047756
        dbuechler@thompsoncoe.com
        214-871-8262
        Stephen Cord
        State Bar No. 24105741
        scord@thompsoncoe.com
        214-292-3898


THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Tel:  214-871-8200
Fax:  214-871-8209

**ATTORNEYS FOR DEFENDANT
HF SINCLAIR CORPORATION**


<u>**CERTIFICATE OF SERVICE**</u>

I certify a true and correct copy of this document document has been served upon the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 25th day of July, 2021:

John Scott Black
Richard D. Daly
Andrew Dao
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
***Attorneys for Plaintiffs***

Carla De Leon Stafford
Wilson Elser Moskowitz Edelman & Dicker LLP
Bank of America Plaza - 901 Main Street, Suite 4800

Dallas, Texas 75202-3758
*Attorneys for Defendant HF Sinclair Corporation*

Michael A. Miller
Miller Knauff Law Firm
Three Forest Plaza
12221 Merit Drive, Suite 12110
Dallas, Texas 75251
*Attorney for Defendant*
*Specialty Welding and Turnarounds, LLC*

*/s/ Daniel P. Buechler*
Daniel P. Buechler

EXHIBIT 10

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Schmitz on behalf of Daniel Buechler
Bar No. 24047756
cschmitz@thompsoncoe.com
Envelope ID: 77871428
Filing Code Description: Designate Lead Counsel
Filing Description:
Status as of 7/25/2023 3:41 PM CST

Associated Case Party: HF SINCLAIR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 7/25/2023 3:36:17 PM | SENT |
| Cathy Schmitz | | cschmitz@thompsoncoe.com | 7/25/2023 3:36:17 PM | SENT |
| Christi Crafton | | ccrafton@thompsoncoe.com | 7/25/2023 3:36:17 PM | SENT |
| Stephen Cord | | SCord@thompsoncoe.com | 7/25/2023 3:36:17 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francine Ly | | fly@dallascourts.org | 7/25/2023 3:36:17 PM | SENT |
| Susan Schwartz | 797900 | susan.schwartz@wilsonelser.com | 7/25/2023 3:36:17 PM | SENT |
| Carla Stafford | 24072569 | cdeleonjd@gmail.com | 7/25/2023 3:36:17 PM | SENT |
| Meina Heydari | 24125623 | meina.heydari@wilsonelser.com | 7/25/2023 3:36:17 PM | SENT |

Associated Case Party: SPECIALTY WELDING AND TURNAROUNDS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Miller | | mmiller@mklawpc.com | 7/25/2023 3:36:17 PM | SENT |
| Robyn Cruze | | rcruze@mklawpc.com | 7/25/2023 3:36:17 PM | SENT |
| Clark Butler | | cbutler@mklawpc.com | 7/25/2023 3:36:17 PM | SENT |
| Roxana Esquivel | | resquivel@mklawpc.com | 7/25/2023 3:36:17 PM | SENT |

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

EXHIBIT 10

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Schmitz on behalf of Daniel Buechler
Bar No. 24047756
cschmitz@thompsoncoe.com
Envelope ID: 77871428
Filing Code Description: Designate Lead Counsel
Filing Description:
Status as of 7/25/2023 3:41 PM CST

Associated Case Party: DOLORES RAMIREZ

| Andrew Dao | | adao@dalyblack.com | 7/25/2023 3:36:17 PM | SENT |
|---|---|---|---|---|
| Kayvon Alihossini | | kalihossini@dalyblack.com | 7/25/2023 3:36:17 PM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 7/25/2023 3:36:17 PM | SENT |
| Kayvon Alihossini | | pi.service@dalyblack.com | 7/25/2023 3:36:17 PM | SENT |
| C. EricVickers | | evickers@dalyblack.com | 7/25/2023 3:36:17 PM | SENT |

EXHIBIT 110

## Proof of Submission

Submission ID: 77871428
Submission Date and Time: 07/25/23 03:36 PM CDST

**filetime**

### Case Information

Case Title: DOLORES RAMIREZ, et al vs. HF SINCLAIR, et al
Jurisdiction: Dallas County - 134th District Court
Case Category: Civil - Injury or Damage
Case Type: Assault/Battery

Client ID: 13453.003
Cause No: DC-23-04370
Attorney: Daniel P Buechler
Filer: Cathy Schmitz
Payment Account: FileTime

### Fees Breakdown

**Court Fees**

No Fee Documents

| | |
|---|---|
| Filing Fee | $0.00 |
| **Total Fee For This Filing** | **$0.00** |

**Submission Fees**

| | |
|---|---|
| eFiling Manager Convenience Fee | $1.00 |
| FileTime Service Fee | $3.99 |
| Sales Tax on FileTime Fee | $0.33 |
| **Total Submission Fees** | **$5.32** |
| **Total Fees for this Submission** | **$5.32** |

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff | DOLORES RAMIREZ | No |
| Defendant | HF SINCLAIR | Yes |
| Plaintiff | LANDY MORENO, AS NEXT FRIEND OF D.M., A MINOR | No |
| Defendant | SPECIALTY WELDING AND TURNAROUNDS, LLC | No |

### Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| No Fee Documents | **Document** | **Type** | **Security** |
| | HF Sinclair lead counsel.pdf | Lead Document | Does not contain sensitive data |

Filing Comments:

### Credit Card Information Breakdown

**Your credit card statement will show:**
Pleading

| | |
|---|---|
| Jurisdiction (**TXEFILE**) | $0.00 |
| eFiling Manager (**Tyler (TX)file Conv Fee**) | $5.32 |

### Notes

The above fees are **estimates only** and are subject to change after clerk review. You **should not use this page for billing purposes.** Your firm eFiling Administrator should run a billing report under **Admin > Reports**.

### Service Contacts

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Daniel Buechler | Thompson Coe Cousins & Irons LLP | HF SINCLAIR | dbuechler@thompsoncoe.com |
| Cathy Schmitz | Thompson Coe Cousins & Irons LLP | HF SINCLAIR | cschmitz@thompsoncoe.com |
| Christi Crafton | Thompson Coe Cousins & Irons LLP | HF SINCLAIR | ccrafton@thompsoncoe.com |
| Stephen Cord | Thompson Coe Cousins & Irons LLP | HF SINCLAIR | SCord@thompsoncoe.com |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Francine Ly | | N/A | fly@dallascourts.org |
| Michael Miller | The Miller Law Firm | SPECIALTY WELDING AND TURNAROUNDS, LLC | mmiller@mklawpc.com |
| Robyn Cruze | The Miller Law Firm | SPECIALTY WELDING AND TURNAROUNDS, LLC | rcruze@mklawpc.com |
| Clark Butler | The Miller Law Firm | SPECIALTY WELDING AND TURNAROUNDS, LLC | cbutler@mklawpc.com |
| Andrew Dao | | DOLORES RAMIREZ | adao@dalyblack.com |
| Kayon Alihossini | Daly & Black PC | DOLORES RAMIREZ | kalihossini@dalyblack.com |
| Roxana Esquivel | Miller Knauff Law Firm | SPECIALTY WELDING AND TURNAROUNDS, LLC | resquivel@mklawpc.com |
| JOHN BLACK | Dallas County - District Clerk | DOLORES RAMIREZ | ecfs@dalyblack.com |
| Kayon Alihossini | | DOLORES RAMIREZ | pi.service@dalyblack.com |
| C. Vickers | Daly & Black | DOLORES RAMIREZ | evickers@dalyblack.com |
| Susan Schwartz | Tyler Public List | HF SINCLAIR | susan.schwartz@wilsonelser.com |
| Carla Stafford | Tyler Public List | HF SINCLAIR | cdeleonjd@gmail.com |
| Meina Heydari | Tyler Public List | HF SINCLAIR | meina.heydari@wilsonelser.com |

© 2023 FileTime. All rights reserved.

**From:** support=filetime.com@mail.filetime.com
**Sent:** Tuesday, July 25, 2023 3:54:10 PM
**To:** Schmitz, Cathy
**Subject:** Service Status Update
**Sensitivity:** Normal

 

**Proof of Service**

Submission ID: 77871428

Old Submission ID:

Submission Date and Time: 07/25/23 03:36 PM CDST

Jurisdiction: Dallas County - 134th District Court

Cause Number: DC-23-04370

Case Title: DOLORES RAMIREZ, et al vs. HF SINCLAIR, et al

Matter Number: 13453.003

Client ID: HF SINCLAIR

**eServed Document(S) Details**

| Filing | Document |
|---|---|
| No Fee Documents | HF Sinclair lead counsel.pdf<br>Stamped__HF Sinclair lead counsel.pdf |

**Service Status**

| Status | Recipient | Receiving Firm |
|---|---|---|
| Served | Francine Ly | N/A |
| Served | Michael Miller | The Miller Law Firm |
| Served | Robyn Cruze | The Miller Law Firm |
| Served | Clark Butler | The Miller Law Firm |

| Served | Andrew Dao | N/A |
|--------|------------|-----|
| Served | Kayvon Alihossini | Daly & Black PC |
| Served | Roxana Esquivel | Miller Knauff Law Firm |
| Served | JOHN BLACK | Dallas County - District Clerk |
| Served | Kayvon Alihossini | N/A |
| Served | C. Vickers | Daly & Black |
| Served | Susan Schwartz | Tyler Public List |
| Served | Carla Stafford | Tyler Public List |
| Served | Meina Heydari | Tyler Public List |

## *Contact Us*

800-658-1233

Support@FileTime.com

### FileTime

PO Box 34165 | San Antonio TX 78265 | 800-658-1233

FILED
8/11/2023 11:57 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

## CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and** | § | **IN THE DISTRICT COURT** |
| **As Representative of the ESTATE OF** | § | |
| **SAMUEL DELGADO, and LANDY** | § | |
| **MORENO, As Next Friend of D.M., a** | § | |
| **Minor,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **HF SINCLAIR and SPECIALTY** | § | |
| **WELDING AND TURNAROUNDS, LLC,** | § | |
| | § | |
| *Defendants*. | § | **134th JUDICIAL DISTRICT** |

## UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD BY CARLA DE LEON STAFFORD

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carla De Leon Stafford, counsel for Defendant HF Sinclair Corporation hereby files this Motion to Withdraw as Counsel of Record and respectfully requests that she be permitted to withdraw as counsel of record for Defendant HF Sinclair Corporation. Ms. Stafford is departing Wilson Elser Moskowitz Edelman & Dicker LLP effective August 17, 2023. Defendant HF Sinclair Corporation will continue to be represented by Susan A. Schwartz, Katryna Watkins, and Meina Heydari of Wilson Elser Moskowitz Edelman & Dicker LLP and Daniel P. Buechler of Thompson, Coe, Cousins & Irons, L.L.P.

Granting this motion will cause no prejudice to any party, or delay in this matter.

Respectfully submitted,

*/s/ Carla De Leon Stafford*
Susan Schwartz
(State Bar No. 00797900)
Susan.Schwartz@wilsonelser.com
Katryna Watkins
(State Bar No. 24106554)
Katryna.Watkins@wilsonelser.com
Carla De Leon Stafford
(State Bar No. 24072569)
Carla.DeLeonStafford@wilsonelser.com
Meina Heydari
(State Bar No. 24125623)
Meina.Heydari@wilsonelser.com

**WILSON, ELSER, MOSKOWITZ,
EDELMAN &DICKER, L.L.P.**
901 Main Street, Suite 4800
Dallas, Texas  75202
(214) 698-8000 - telephone
(214) 698-1101 - telecopier

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on August 8th, 2023, she conferred via email with all counsel of record concerning this Motion.  Counsels of record do not oppose this Motion.  Therefore, this Motion is presented to the Court for signature.

*/s/ Carla De Leon Stafford*
Carla De Leon Stafford

## CERTIFICATE OF SERVICE

This is certifying that on this 11th day of August, 2023, a true and correct copy of the above and foregoing document has been served upon all counsels in accordance with the Texas Rules of Civil Procedure.

*/s/ Carla De Leon Stafford*
Carla De Leon Stafford

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Canada on behalf of Carla De Leon
Bar No. 24072569
stephanie.canada@wilsonelser.com
Envelope ID: 78443113
Filing Code Description: Motion - Withdraw Attorney
Filing Description: UNOPPOSED
Status as of 8/11/2023 12:49 PM CST

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Andrew Dao | | adao@dalyblack.com | 8/11/2023 11:57:11 AM | SENT |
| Kayvon Alihossini | | kalihossini@dalyblack.com | 8/11/2023 11:57:11 AM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 8/11/2023 11:57:11 AM | SENT |
| C. EricVickers | | evickers@dalyblack.com | 8/11/2023 11:57:11 AM | SENT |
| Kayvon Alihossini | | pi.service@dalyblack.com | 8/11/2023 11:57:11 AM | SENT |

Associated Case Party: HF SINCLAIR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carla De Leon Stafford | | Carla.Deleonstafford@wilsonelser.com | 8/11/2023 11:57:11 AM | SENT |
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 8/11/2023 11:57:11 AM | SENT |
| Cathy Schmitz | | cschmitz@thompsoncoe.com | 8/11/2023 11:57:11 AM | SENT |
| Susan Schwartz | 797900 | susan.schwartz@wilsonelser.com | 8/11/2023 11:57:11 AM | SENT |
| Carla Stafford | 24072569 | cdeleonjd@gmail.com | 8/11/2023 11:57:11 AM | SENT |
| Meina Heydari | 24125623 | meina.heydari@wilsonelser.com | 8/11/2023 11:57:11 AM | SENT |
| Christi Crafton | | ccrafton@thompsoncoe.com | 8/11/2023 11:57:11 AM | SENT |
| Stephen Cord | | SCord@thompsoncoe.com | 8/11/2023 11:57:11 AM | SENT |
| Elena Mendoza | | elena.mendoza@wilsonelser.com | 8/11/2023 11:57:11 AM | SENT |
| Katryna Watkins | | Katryna.Watkins@wilsonelser.com | 8/11/2023 11:57:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Canada on behalf of Carla De Leon
Bar No. 24072569
stephanie.canada@wilsonelser.com
Envelope ID: 78443113
Filing Code Description: Motion - Withdraw Attorney
Filing Description: UNOPPOSED
Status as of 8/11/2023 12:49 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Francine Ly | | fly@dallascourts.org | 8/11/2023 11:57:11 AM | SENT |

Associated Case Party: SPECIALTY WELDING AND TURNAROUNDS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Miller | | mmiller@mklawpc.com | 8/11/2023 11:57:11 AM | SENT |
| Robyn Cruze | | rcruze@mklawpc.com | 8/11/2023 11:57:11 AM | SENT |
| Clark Butler | | cbutler@mklawpc.com | 8/11/2023 11:57:11 AM | SENT |
| Roxana Esquivel | | resquivel@mklawpc.com | 8/11/2023 11:57:11 AM | SENT |

CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and** | § | **IN THE DISTRICT COURT** |
| **As Representative of the ESTATE OF** | § | |
| **SAMUEL DELGADO, and LANDY** | § | |
| **MORENO, As Next Friend of D.M., a** | § | |
| **Minor,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **HF SINCLAIR and SPECIALTY** | § | |
| **WELDING AND TURNAROUNDS, LLC,** | § | |
| | § | |
| *Defendants.* | § | **134th JUDICIAL DISTRICT** |

## ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD BY CARLA DE LEON STAFFORD

On this day the Unopposed Motion to Withdraw as Counsel of Record by Carla De Leon Stafford came on to be considered by the Court. The Court, having reviewed the Motion and other papers on file, and being otherwise fully apprised, finds that the Motion should be granted in all respects.

It is therefore ORDERED AND DECREED that the Unopposed Motion to Withdraw as Counsel of Record by Carla De Leon Stafford is hereby granted in all respects.

It is further ORDERED AND DECREED that Carla De Leon Stafford, is permitted to withdraw as counsel of record for Defendant HF Sinclair Corporation in this cause.

It is further ORDERED AND DECREED that all electronic and U.S. Mail notices to Carla De Leon Stafford, in this cause shall terminate effective the date of this Order.

SIGNED, this ____ day of August, 2023.

**8/16/2023 2:33:06 PM**

**JUDGE PRESIDING**

ORDER GRANTING MOTION TO WITHDRAW                                    PAGE SOLO

CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| DOLORES RAMIREZ, Individually and | § | IN THE DISTRICT COURT |
| as Representative of the ESTATE OF | § | |
| SAMUEL DELGADO, and LANDY | § | |
| MORENO, as Next Friend of D.M., a | § | |
| Minor, | § | |
| | § | |
| *Plaintiffs,* | § | DALLAS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| HF SINCLAIR and SPECIALTY | § | |
| WELDING AND TURNAROUNDS, | § | |
| LLC, | § | |
| | § | 134th JUDICIAL DISTRICT |
| *Defendants.* | | |

## DEFENDANT HF SINCLAIR CORPORATION'S
## DESIGNATION OF LEAD COUNSEL

HF Sinclair Corporation ("Defendant Sinclair") hereby designates the following as attorney in charge:

> Neely Fortinberry
> Texas State Bar Number 24003420
> Katryna R. Watkins
> Texas State Bar Number  24106554
> Wilson Elser Moskowitz Edelman & Dicker LLP
> Bank of America Plaza - 901 Main Street, Suite 4800
> Dallas, TX 75202-3758
> 214.698.8052 (Direct)
> 214.698.8000 (Main)
> 214.698.1101 (Fax)
> neely.fortinberry@wilsonelser.com
> katryna.watkins@wilsonelser.com

Daniel P. Buechler will remain as counsel in this lawsuit and shall continue to receive all

communications from the Court and from other parties.

Defendant properly notified all parties to this suit by service in accordance with

TEX. R. CIV. P. 21a.

---

*Defendant HF Sinclair Corporation's Designation of Lead Counsel*                    *Page 1*

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP
Bank of America Plaza - 901 Main Street, Suite 4800
Dallas, TX 75202-3758
214.698.8052 (Direct)
214.698.8000 (Main)
214.698.1101 (Fax)
neely.fortinberry@wilsonelser.com
katryna.watkins@wilsonelser.com


By:    */s/  Neely Fortinberry*
        Neely Fortinberry
        Texas State Bar Number 24003420
        Katryna R. Watkins
        Texas State Bar Number  24106554


By:    */s/ Daniel Buechler*
        Daniel Buechler
        State Bar No. 24047756
        dbuechler@thompsoncoe.com
        214-871-8262
        Stephen Cord
        State Bar No. 24105741
        scord@thompsoncoe.com
        214-292-3898

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Tel:  214-871-8200
Fax: 214-871-8209

**ATTORNEYS FOR DEFENDANT
HF SINCLAIR CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of this document has been served upon the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 30th day of August, 2023:

John Scott Black
Richard D. Daly
Andrew Dao
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
***Attorneys for Plaintiffs***

Michael A. Miller
Miller Knauff Law Firm
Three Forest Plaza
12221 Merit Drive, Suite 12110
Dallas, Texas 75251
***Attorney for Defendant***
***Specialty Welding and Turnarounds, LLC***

*/s/ Neely Fortinberry*
Neely Fortinberry

---

*Defendant HF Sinclair Corporation's Designation of Lead Counsel*                    *Page 3*

286410346v.1

EXHIBIT 15
FILED
9/1/2023 7:12 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Terri Kilgore DEPUTY

## CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| DOLORES RAMIREZ, Individually and as Representative of the ESTATE OF SAMUEL DELGADO, and LANDY MORENO, as Next Friend of D.M., a Minor, | § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | DALLAS COUNTY, TEXAS |
| v. | § § | |
| HF SINCLAIR and SPECIALTY WELDING AND TURNAROUNDS, LLC, | § § § § | |
| *Defendants.* | § | 134th JUDICIAL DISTRICT |

## DEFENDANT HF SINCLAIR CORPORATION'S FIRST AMENDED ANSWER AND VERIFIED DENIAL

COMES NOW Defendant HF Sinclair Corporation ("Defendant" or "HF Sinclair Corporation") and files its First Amended Answer and Verified Denial and, in support thereof, would show the following:

### I.
### GENERAL DENIAL

1.01    Pursuant to TEX. R. CIV. P. 92, Defendant HF Sinclair Corporation denies all and singular, each and every material allegation contained in Plaintiffs' Original Petition and any subsequent petition filed by Plaintiffs and demands strict proof of the same by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.01    Pursuant to TEX. R. CIV. P. 93, Defendant HF Sinclair Corporation specifically denies it can be liable in the capacity in which it is sued because HF Sinclair Corporation is not the

DEFENDANT HF SINCLAIR CORPORATION'S FIRST AMENDED
ANSWER AND VERIFIED DENIAL – Page 1
13041203v1
13453.003

entity that owns or operates the El Dorado Refinery in El Dorado, Kansas ("El Dorado Refinery") where the incident that forms the basis of Plaintiffs' claims occurred. Furthermore, HF Sinclair Corporation specifically denies it can be liable in the capacity in which it is sued because HF Sinclair Corporation is not the employer of any of the workers who were working at the El Dorado Refinery at the location and time of the incident that forms the basis of this lawsuit. HF Sinclair Corporation further denies that it can be liable in the capacity for which it is sued because it did not contract for services with Defendant Specialty Welding and Turnarounds LLC or with Plaintiff Samuel Delgado.

2.02    The name of the entity that owns and operates the refinery equipment at issue in this lawsuit at the El Dorado Refinery in El Dorado, Kansas is HF Sinclair El Dorado Refining LLC. HF Sinclair El Dorado Refining LLC has owned and operated the El Dorado Refinery in El Dorado, Kansas at all times relevant to this lawsuit. The personnel working at the location and time of the incident that is the basis of this suit were employed by contractors of HF Sinclair El Dorado Refining, LLC, including Samuel Delgado's employer Specialty Welding and Turnarounds, LLC. The non-contractor operational personnel at the El Dorado Refinery in El Dorado, Kansas are employees of HF Sinclair Payroll Services, Inc. and such personnel that were present at the time of the incident that is the basis of this suit are allocated to HF Sinclair El Dorado Refining LLC.

### III.
### ADDITIONAL DEFENSES

3.01    Defendant HF Sinclair Corporation incorporates by reference as if fully restated herein all paragraphs of this Answer, including Paragraph 1.01 above.

3.02    Pleading alternatively, Defendant HF Sinclair Corporation invokes the liability limitations of TEX. CIV. PRAC. & REM. CODE §§ 41.007, 41.008, 41.010, and 41.011, *et seq.*

**DEFENDANT HF SINCLAIR CORPORATION'S FIRST AMENDED ANSWER AND VERIFIED DENIAL** – Page 2

EXHIBIT 15

3.03    Pursuant to TEX. R. CIV. P. 94, Defendant HF Sinclair Corporation asserts the affirmative defense of contributory negligence and/or comparative fault.

3.04    Pleading further and in the alternative, Defendant HF Sinclair Corporation would show that the allegations made the basis of Plaintiffs' claims and alleged damages were caused by acts and/or omissions of persons or third parties over whom Defendant HF Sinclair Corporation has no control and for whom this Defendant is not responsible. Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any. Defendant HF Sinclair Corporation invokes all rights and remedies set forth in TEX. CIV. PRAC. & REM. CODE ANN. §§ 32 and 33, et. seq., including a finding of percentage responsibility of any and all persons shown by the evidence to have caused or contributed to the incident alleged by Plaintiffs, including the Plaintiffs, other parties, and any responsible third parties designated herein.

3.05    Further answering, Defendant HF Sinclair Corporation would show that the incident in question was the result of an intervening or superseding cause over which Defendant HF Sinclair Corporation had no control and for which Defendant HF Sinclair Corporation is not legally responsible. Such intervening or superseding cause was the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any.

3.06    Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33, Defendant HF Sinclair Corporation requests a submission of comparative negligence and comparative negligence causation as provided in TEX. CIV. PRAC. & REM. CODE ANN. § 33. Specifically, HF Sinclair Corporation intends to submit the negligence of Decedent Samuel Delgado, the co-defendant(s), all settling parties, and any and all Responsible Third Parties. Defendant HF Sinclair Corporation

alleges that in accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 33.013, Defendant HF Sinclair Corporation may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of and as to Defendant HF Sinclair Corporation, when compared with that of each defendant, settling party, and each responsible third party, is greater than fifty percent (50%).

3.07    Defendant HF Sinclair Corporation asserts its rights under common law and TEX. CIV. PRAC. & REM. CODE ANN. §§ 32-33 to receive an offset, credit, and/or reduction in judgment based on any settlement Plaintiffs have made or may make with any other person or entity or for any amounts of money collected from any other person or entity by settlement, compromise, or agreement, or in payment or in partial payment, of any judgment entered in this case.    In accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 33, specifically TEX. CIV. PRAC. & REM. CODE ANN. §33.012, Defendant HF Sinclair Corporation seeks a settlement credit as to all sums paid by any and all settling parties.  Accordingly, if Plaintiffs are awarded any amount as damages in this cause, the award must be reduced by the dollar amount of any and all settlements or by a dollar credit determined by applying the statutory formula credit set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 33.012.

3.08    Further answering, and in the alternative, Defendant asserts that the injuries and illness sustained by Decedent Samuel Delgado were the result or aggravation of a pre-existing physical condition, in whole or in part, for which Defendant HF Sinclair Corporation is not responsible.

3.09    For further answer, Defendant HF Sinclair Corporation asserts that Plaintiffs' recovery of medical or health care expenses, if any, is limited to the amount actually paid or

incurred by or on behalf of Decedent Samuel Delgado pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

  3.10 By way of affirmative defense and in the alternative, Defendant HF Sinclair Corporation asserts that Plaintiffs' claims for pre-judgment interest are subject to the dates and amounts set forth by statute including, but not limited to, Tex. Fin. Code Ann. § 304.

  3.11 Further answering, if same be necessary, Defendant HF Sinclair Corporation asserts the evidentiary requirements set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 with regard to Plaintiffs' loss of earnings and loss of earning capacity, if any.

  3.12 Defendant HF Sinclair Corporation alleges that Plaintiffs have failed to allege conduct warranting imposition of exemplary or punitive damages under applicable Texas law.

  3.13 Defendant HF Sinclair Corporation asserts that any award of exemplary or punitive damages to Plaintiffs are subject to the limitations and caps imposed by TEX. CIV. PRAC. & REM. CODE ANN. § 41.

  3.14 For further answer, Defendant HF Sinclair Corporation asserts that an award of punitive damages or exemplary damages in this case would be inconsistent with and would violate Defendant HF Sinclair's rights under the United States and Texas Constitutions as follows:

  A. An award of exemplary or punitive damages would violate Defendant HF Sinclair Corporation's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, Section 19 of the Texas Constitution, in that:

    1. No provision of Texas law provides any adequate or meaningful standard or guide for fixing, determining, or reviewing the amount of an award of punitive or exemplary damages.  Defendant HF Sinclair Corporation neither has notice of

nor means of ascertaining the amount of the penalty it would be or might be subject to for the conduct upon which the award is ostensibly to be based;

2.      Under the laws of the State of Texas, the determination of whether to award punitive or exemplary damages is left to the arbitrary discretion of the trier of fact. There is no adequate or meaningful standard or guide for exercising said discretion;

3.      No provision of Texas law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of exemplary damages may be based.  Defendant HF Sinclair Corporation has neither notice of nor means of ascertaining the nature of the conduct for which it might be held subject to an award for punitive damages or exemplary damages;

4.      No provision of Texas law provides adequate procedural safeguards for the imposition of an award of punitive and exemplary damages; and

5.      The very concept of punitive and exemplary damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall incident to punishing a defendant, represents the taking of property without due process of law.

B.      An award for punitive or exemplary damages would violate the prohibition against excessive fines contained in the Eight Amendment to the United States Constitution as embodied within the due process of law clause of the Fourteenth Amendment to said Constitution and to Article 1, Section 19 of the Texas Constitution.

3.15    Any right to recovery by Plaintiffs in this action and any liability on the part of Defendant HF Sinclair Corporation, which is hereby expressly and vehemently denied, is limited in accordance with the provisions of the applicable wrongful death statutes and common law.

**IV.**
**JURY DEMAND**

4.01    Pursuant to Tex. R. Civ. P. 216, Defendant HF Sinclair Corporation hereby

demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant HF Sinclair Corporation prays

that Plaintiffs take nothing by this suit and that Defendant HF Sinclair Corporation have judgment

for its costs and for such other and further relief to which it may be justly entitled at law or in

equity.

Respectfully submitted,

By: */s/Neely Fortinberry (w/permission)*
    Neely Fortinberry
    State Bar No. 24003420
    Neely.fortinberry@wilsonelser.com
    Katryna R. Watkins
    State Bar No. 24106554
    Katryna.watkins@wilsonelser.com
    WILSON, ELSER, MOSKOWITZ & DICKER, LLP
    901 Main Street, Suite 4800
    Dallas, Texas  75202
    Phone: 214-698-8000
    Fax: 214-698-1101

    And

    */s/ Daniel P. Buechler*
    Daniel P. Buechler
    State Bar No. 24047756
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    Plaza of the Americas, 700 N. Pearl Street,
    Twenty-Fifth Floor
    Dallas, TX 75201-2832
    Tel:  214-871-8262
    Fax:  214-871-8209
    E-Mail: DBuechler@thompsoncoe.com

    **ATTORNEYS FOR DEFENDANT**
    **HF SINCLAIR CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 1st day of September, 2023:

John Scott Black
Richard D. Daly
Andrew Dao
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
***Attorneys for Plaintiffs***

*/s/ Daniel Buechler*
Daniel Buechler

**<u>DEFENDANT HF SINCLAIR CORPORATION'S FIRST AMENDED ANSWER AND VERIFIED DENIAL</u> – Page 8**
13041203v1
13453.003

CAUSE NO. DC-23-04370

| | | |
|---|---|---|
| DOLORES RAMIREZ, Individually and as Representative of the ESTATE OF SAMUEL DELGADO, and LANDY MORENO, as Next Friend of D.M., a Minor, | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| HF SINCLAIR and SPECIALTY WELDING AND TURNAROUNDS, LLC, | § § § § | |
| Defendants. | § | 134th JUDICIAL DISTRICT |

<u>DECLARATION OF LESLIE SIMMONS</u>

I, Leslie Simmons, of sound mind and lawful age, do hereby declare as follows:

1. I serve as Vice President, Tax and Assistant Controller for HF Sinclair El Dorado Refining LLC.

2. HF Sinclair Corporation is not the entity that owns or operates the El Dorado Refinery in El Dorado, Kansas.

3. The name of the entity that owns and operates the refinery equipment at issue in this lawsuit at the El Dorado Refinery in El Dorado, Kansas is HF Sinclair El Dorado Refining LLC.

4. HF Sinclair Corporation is also not the employer of any of the workers who were working at the El Dorado Refinery at the location and time of the incident that forms the basis of this lawsuit.

5. The personnel working at the location and time of the incident that is the basis of this suit were employed by contractors of HF Sinclair El Dorado Refining, LLC, including Samuel Delgado's employer, Specialty Welding And Turnarounds, LLC.

6. The non-contractor operational personnel at the El Dorado Refinery in El Dorado, Kansas are employees of HF Sinclair Payroll Services, Inc. and such personnel that were present at the time of the incident that is the basis of this suit are allocated to HF Sinclair El Dorado Refining LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 08/31/2023                    Signature: _____

EXHIBIT 15

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Schmitz on behalf of Daniel Buechler
Bar No. 24047756
cschmitz@thompsoncoe.com
Envelope ID: 79180839
Filing Code Description: Amended Answer - Amended General Denial
Filing Description: 1ST
Status as of 9/4/2023 5:35 AM CST

Associated Case Party: HF SINCLAIR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 9/1/2023 7:12:14 PM | SENT |
| Cathy Schmitz | | cschmitz@thompsoncoe.com | 9/1/2023 7:12:14 PM | SENT |
| Susan Schwartz | 797900 | susan.schwartz@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Carla Stafford | 24072569 | cdeleonjd@gmail.com | 9/1/2023 7:12:14 PM | SENT |
| Meina Heydari | 24125623 | meina.heydari@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Neely Fortinberry | | neely.fortinberry@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Katryna Watkins | | Katryna.Watkins@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Tracy Jordan | | tracy.jordan@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Stephen Cord | | SCord@thompsoncoe.com | 9/1/2023 7:12:14 PM | SENT |
| Elena Mendoza | | elena.mendoza@wilsonelser.com | 9/1/2023 7:12:14 PM | SENT |
| Christi Crafton | | ccrafton@thompsoncoe.com | 9/1/2023 7:12:14 PM | SENT |

Associated Case Party: SPECIALTY WELDING AND TURNAROUNDS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Miller | | mmiller@mklawpc.com | 9/1/2023 7:12:14 PM | SENT |
| Robyn Cruze | | rcruze@mklawpc.com | 9/1/2023 7:12:14 PM | SENT |
| Clark Butler | | cbutler@mklawpc.com | 9/1/2023 7:12:14 PM | SENT |
| Roxana Esquivel | | resquivel@mklawpc.com | 9/1/2023 7:12:14 PM | SENT |

Associated Case Party: DOLORES RAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

EXHIBIT 15

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Schmitz on behalf of Daniel Buechler
Bar No. 24047756
cschmitz@thompsoncoe.com
Envelope ID: 79180839
Filing Code Description: Amended Answer - Amended General Denial
Filing Description: 1ST
Status as of 9/4/2023 5:35 AM CST

Associated Case Party: DOLORES RAMIREZ

| Andrew Dao | | adao@dalyblack.com | 9/1/2023 7:12:14 PM | SENT |
|---|---|---|---|---|
| Kayvon Alihossini | | kalihossini@dalyblack.com | 9/1/2023 7:12:14 PM | SENT |
| JOHN SCOTTBLACK | | ecfs@dalyblack.com | 9/1/2023 7:12:14 PM | SENT |
| Kayvon Alihossini | | pi.service@dalyblack.com | 9/1/2023 7:12:14 PM | SENT |
| C. EricVickers | | evickers@dalyblack.com | 9/1/2023 7:12:14 PM | SENT |