**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DOLORES RAMIREZ, Individually and as Representative of the ESTATE OF SAMUEL DELGADO, and LANDY MORENO, as Next Friend of D.M. a Minor** | § § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 3-23-CV-02186-K** |
| **v.** | § § | |
| **HF SINCLAIR AND SPECIALITY WELDING AND TURNAROUNDS, LLC,** | § § § § | |
| **Defendants.** | § § | |

<u>**DEFENDANT SPECIALITY WELDING AND TURNAROUNDS, LLC'S
ANSWER**</u>

**COMES NOW** Defendant Specialty Welding and Turnarounds, LLC (hereinafter "Defendant"), and files this Answer in response to Plaintiff's Original Petition. In support thereof, Defendant respectfully shows the Court as follows:

<u>**A. Admissions and Denials**</u>

1.    Paragraph 1 contains no factual allegations that require admission or denial, as they pertain to state pleading requirements. To the extent necessary, any factual allegations in Paragraph 1 are denied.

2.    Defendant admits that Plaintiff Dolores Ramirez is an individual residing in Texas and that at the time of his death, Samuel Delgado maintained his residence of Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 2.

3.    Defendant admits that Plaintiff Landy Moreno is an individual residing in Texas and that

she brings claims on behalf of D. M.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 3.

4.       Defendant admits the factual allegations of Paragraph 4, but denies that HF Sinclair is a proper party to the litigation.

5.       Defendant admits the factual allegations of Paragraph 5.

6.       Paragraph 6 contains no factual allegations that require admission or denial, as they pertain to state pleading requirements.  To the extent necessary, any factual allegations in Paragraph 6 are denied.

7.       Defendant admits that Plaintiff seek aggregated monetary relief over $1,000,000.00 and that this lawsuit does not involve a federal question.  Defendant denies that removal to federal court would be improper, that this lawsuit lacks diversity, and that the forum defendant rule applies.  The remainder of Paragraph 7 contains no factual allegations that require admission or denial, as they pertain to state pleading requirements.  To the extent necessary, any remaining factual allegations in Paragraph 7 are denied.

8.       Paragraph 8 contains no factual allegations that require admission or denial, as they pertain to state pleading requirements.  To the extent necessary, any factual allegations in Paragraph 8 are denied.

9.       Defendant admits that on February 18, 2023, Mr. Delgado was working as a catalyst technician at a refinery in El Dorado, Kansas when he passed way.  Defendant further admits that Mr. Delgado was employed by Defendant at the time of his passing.  Defendant denies the remaining factual allegations in Paragraph 9.

10.      Defendant admits that it and its employees performed work at the aforementioned refinery and that the work included making entry into and working in reactors and vessels.  Defendant

further admits that on the date of the incident, Defendant was working in a confined space and that he and another employee made entry into a reactor.  Defendant further admits that Mr. Delgado and the other employee wore helmets and harness and were connected to airlines.  Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Delgado and/or the other employee had to climb down in the vessel 65 to 70 feet.  Defendant denies the remaining factual allegations in Paragraph 10.

11.      Defendant denies the factual allegations in Paragraph 11.

12.      Defendant denies the factual allegations in Paragraph 12.

13.      Defendant denies the factual allegations in Paragraph 13.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 14.

15.      Defendant denies the factual allegations in Paragraph 15.

16.      Paragraph 16 contains no factual allegations that require admission or denial. To the extent necessary, any factual allegations in Paragraph 16 are denied.

17.      Defendant denies the factual allegations in Paragraph 17.

18.      Defendant denies the factual allegations in Paragraph 18.

19.      Paragraph 19 contains no factual allegations that require admission or denial.  To the extent necessary, and factual allegations in Paragraph 19 are denied.

20.      Defendant denies the factual allegations in Paragraph 20.

21.      Defendant denies the factual allegations in Paragraph 21.

22.      Defendant denies the factual allegations in Paragraph 22.

23.      Defendant denies the factual allegations in Paragraph 23.

24.      Defendant denies the factual allegations in Paragraph 24.

25.     Paragraph 25 contains no factual allegations that require admission or denial.

26.     Defendant denies the factual allegations in Paragraph 26.

27.     Paragraph 27 contains no factual allegations that require admission or denial.

28.     Defendant denies all factual allegations in Paragraph 28.

## B.  Defenses

29.     Defendant would show that the events made the basis of this suit have been caused solely by the acts and/or omissions of third parties or instrumentalities not under Defendant's control. Alternatively, Defendant would show that the acts and omissions of parties or instrumentalities other than those under Defendant's control may have contributed or proximately caused the events in question.

30.     Defendant would show that, in the unlikely event it is held liable to Plaintiff for any damages, the damages recoverable from Defendant shall only be the percentage of damages found by the trier of fact equal to Defendant's percentage of liability with respect to the claimed injuries for which damages are allowed.

31.     Defendant asserts the event was an Act of God.

32.     Defendant asserts that Plaintiff's damages, if any, were not caused by any conduct of Defendant, but resulted from a superseding and/or intervening cause.

33.     Defendant asserts that prejudgment interest should be calculated on the shortest length of time permitted by law and that no prejudgment interest be assessed on future damages or punitive damages.

34.     Defendant asserts that punitive damages, if assessed, are limited by statute  Defendant further asserts that punitive damages must be proven by clear and convincing evidence and the finding must be made by a unanimous jury.

35.    Defendant further asserts that punitive damages are barred and/or limited by the Due Process Clause of the United States Constitution.  Defendant further asserts that an award of punitive damages would constitute the imposition of a criminal penalty without the safeguards of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, the imposition of punitive damages constitutes an excessive fine under the Eighth Amendment and denies Defendant equal protection under the Fourteenth Amendment of the United States Constitution.  Defendant further asserts that any claim by Plaintiff for punitive damages should be struck as unconstitutional and that any award of punitive damages should also be struck as unconstitutional.

36.    Defendant asserts the exclusive remedy of workers' compensation insurance.


WHEREFORE, PREMISES CONSIDERED, Defendant Specialty Welding and Turnarounds, LLC prays this Court dismiss Plaintiff's action against it and enter judgment that Plaintiff take nothing on his claims against Defendant, and grant Defendant such further and additional relief both at law and in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

 /s/ Michael A. Miller
**MICHAEL A. MILLER**
State Bar No. 14100650
mmiller@mklawpc.com

**CLARK S. BUTLER**
State Bar No. 00793437
cbutler@mklawpc.com

**MILLER KNAUFF LAW FIRM**
Three Forest Plaza
12221 Merit Drive, Suite 1210
Dallas, Texas 75251
(469) 916-2552
(469) 916-2555 fax

**COUNSEL FOR DEFENDANT
SPECIALITY WELDING AND
TURNAROUNDS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the aforementioned document was served on all known counsel of record as indicated below on this, the 9th day of October, 2023.

*Via E-Filing*
John Scott Black
Richard D. Daly
Andrew Dao
Daly & Black, P.C.
2211 Norfolk St, Ste. 800
Houston, Texas 77098
*Counsel for Plaintiffs*

*Via E-Filing*
Daniel Buechler
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 N. Pearl Street, 25th floor
Dallas, Texas 75201-2832
*Counsel for Defendant HF Sinclair*

*Via E-Filing*
Neely Fortinberry
Katryna R. Watkins
Wilson Elser Moskowitz Edelman & Dicker, LLP
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
*Lead Counsel for Defendant HF Sinclair*

*/s/ Clark S. Butler*
**CLARK S. BUTLER**